1  Victor A. Sahn (CA Bar No. 97299)
        vsahn@sulmeyerlaw.com
2  Steven F. Werth (CA Bar No. 205434)
        swerth@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
7  Bankruptcy Counsel for Sabor Hispano LLC

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **LOS ANGELES DIVISION**

11 In re                                    Case No.  2:15-bk-25600-TD

12 SABOR HISPANO, LLC,                      Chapter 11
   a California limited liability company,
13                                          **DEBTOR'S EMERGENCY MOTION**
              Debtor.                       **FOR ORDER:  (1) DEEMING UTILITY**
14                                          **COMPANIES ADEQUATELY ASSURED**
                                            **OF FUTURE PERFORMANCE,**
15 Tax ID # 45-4994098                      **(2) ESTABLISHING PROCEDURES**
                                            **FOR REQUESTS FOR ADDITIONAL**
16                                          **ASSURANCE, AND (3) RESTRAINING**
                                            **UTILITY COMPANIES FROM**
17                                          **DISCONTINUING, ALTERING, OR**
                                            **REFUSING SERVICE**
18
                                           [Declaration of Bradley Berman in Support of
19                                         First Day Motions Filed Concurrently
                                           Herewith]
20
                                           Date:      October 13, 2015
21                                         Time:      11:00 a.m.
                                           Place:     U.S. Bankruptcy Court
22                                                     Courtroom 1365
                                                       255 East Temple Street
23                                                     Los Angeles, CA 90012

24

25

26

27

28

SFW\ 2456405.1 10/9/2015 (3:07 PM)

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# TABLE OF CONTENTS

**Page**

I.      SUMMARY ................................................................................................ 1

II.     DEBTOR'S UTILITIES ........................................................................... 2

III.    ADEQUATE ASSURANCE PROPOSAL ............................................. 2

IV.     PROPOSED ADEQUATE ASSURANCE PROCEDURES ................. 3

V.      PROCESS FOR OPTING OUT OF ADEQUATE ASSURANCE PROCEDURES ........... 7

VI.     SUBSEQUENT MODIFICATIONS OF UTILITY SERVICE LIST ................ 9

VII.    BASIS FOR RELIEF ............................................................................. 9

VIII.   NOTICE ................................................................................................. 13

IX.     NO PRIOR REQUEST .......................................................................... 13

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# TABLE OF AUTHORITIES

**Page**

## CASES

In re Adelphia Bus. Solutions, Inc.
    280 B.R. 63 (Bankr. S.D.N.Y. 2002) ........................................................... 11

In re Astle
    338 B.R. 855 (Bankr. D. Idaho 2006) .......................................................... 11

In re George C. Frye Co.
    7 B.R. 856 (Bankr. D. Me. 1980) ................................................................. 11

In re Penn Jersey Corp.
    72 B.R. 981 (Bankr. E.D. Pa. 1987) ............................................................ 11

In re Penn. Cent. Transp. Co.
    467 F.2d 100 (3d Cir. 1972) ......................................................................... 11

In re Santa Clara Circuits W., Inc.
    27 B.R. 680 (Bankr. D. Utah 1982) ............................................................. 11

In re Steinebach
    303 B.R. 634 (Bankr. D. Ariz. 2004) .......................................................... 11

Virginia Elec. & Power Co. v. Caldor, Inc.,
    117 F.3d 646 (2d Cir. 1997) ................................................................. 10, 11

## STATUTES

11 U.S.C.
    § 105(a) ....................................................................................................... 12
    § 366 ..................................................................................................... passim
    § 366(a) .......................................................................................................... 3
    § 366(c) .................................................................................... 9, 10, 11, 13
    § 366(c)(1)(A)(v) ......................................................................................... 11
    § 366(c)(2) ..................................................................................................... 4
    § 366(c)(3) ..................................................................................................... 6
    § 366(c)(3)(A) ............................................................................................. 10
    § 366(b) ................................................................................................. 10, 11

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**OTHER AUTHORITIES**

2 <u>Collier on Bankruptcy</u> (15th ed. rev. 2003) ................................................................. 12

3 <u>Collier on Bankruptcy</u> (15th ed. rev. 2006)..................................................................... 3

Richard Levin 7 Alesia Ramley-Marinelli
      <u>The Creeping Repeal of Chapter 11: The Significant Business Provisions of the</u>
      <u>Bankruptcy Abuse Protection and Consumer Protection Act of 2005</u> ................................ 10

**RULES**

L. Bankr. R.
      Rule 2081-1(a)(3) ...................................................................................................... 1

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

Sabor Hispano, LLC (the "Debtor"), the above-captioned debtor and debtor-in-possession, respectfully represents:

## I.

## SUMMARY

The Debtor commenced the above-captioned reorganization case by filing a voluntary chapter 11 petition on October 9, 2015 (the "Petition Date"). The Debtor continues to manage and operate its business as a debtor in possession. No trustee or creditors' committee has been appointed in the Debtor's chapter 11 case.

The Debtor operates a Hispanic food product distribution center in the city of Vernon, California (the "Business"), pursuant to a lease. The Business distributes certain food products on a wholesale basis to grocery stores and supermarkets nationwide. The Business specializes in Hispanic products, and its products include chorizo, Mexican chorizo, Salvadoran chorizo, longaniza, bolita, chubs, chicharron, sanchoco, delgado, tiritas (strips), belly, salsa roja & verde, guacasalsa, and pico de gallo. The Business was established in 2013 by members of the Berman family, including Brad Berman, Mathew Berman, and Tracy Berman, who own the Debtor. See Declaration of Bradley Berman submitted in support of Debtor's "First Day" Motions (the "Berman Declaration"), ¶40.

In accordance with section 366 of Title 11 of the United States Code (the "Bankruptcy Code"), the Debtor hereby makes its adequate assurance proposal to utilities. The terms of the adequate assurance proposal are set forth in Section III below and proposed procedures in connection therewith are set forth in Sections IV and V below. Pursuant to this Motion, the Debtor requests that the Court issue an order (the "Order"): (1) determining that utility providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (2) approving the Proposed Adequate Assurance (as defined below) and the Adequate Assurance Procedures (as defined below); (3) prohibiting utility providers from discontinuing, altering, or refusing service to, or discriminating against, the Debtor; (4) establishing procedures for utility providers to opt out of the proposed Adequate Assurance Procedures; and (5) determining that the Debtor is not required to provide any additional assurance, beyond what is proposed in this Motion. This Motion is brought in

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

accordance with Local Bankruptcy Rule 2081-1(a)(3).  Facts in support of this Motion are also set forth in the Berman Declaration in paragraphs 49 through 51.

A copy of the Debtor's proposed order approving this Motion is attached hereto as **Exhibit 2**.

## II.

### DEBTOR'S UTILITIES

In connection with the operation of its business, the Debtor obtains electricity, water, gas telephone and other similar services from a number of different utility suppliers (the "Utility Providers").   The Debtor obtains water, electricity, sewer, and gas from the City of Vernon.  The Debtor obtains its telephone services from Verizon.  It also obtains its internet connection and a phone connection from Megapath.  The amounts of the Debtor's average one month and two week charges for each utility during the 10 months prior to the Petition Date are set forth in **Exhibit "1"** hereto.[1] The Utility Providers supply the Debtor with services essential to the continuation of the Debtor's business.  Any interruption in the utility services provided to the Debtor would seriously disrupt the Debtor's operations and could jeopardize the reorganization of the Debtor.  The Debtor estimates that its projected average two week and monthly aggregate utility payments to the Utility Providers will be approximately $5,000 and $10,000, respectively.  The Debtor is not currently in default of any of its obligations to utility providers.[2]  As set forth below, the Debtor hereby furnishes adequate assurance of payment to its Utility Providers.

---

[1]   In abundance of caution, Exhibit 1 includes certain entities that the Debtor believes do not qualify as utilities under Bankruptcy Code § 366, including providers of internet access.   Nonetheless, such entities are included in Exhibit 1 to protect the estate in the event that such entities assert that they are utilities under Bankruptcy Code § 366.  The Debtor's decision to list the parties included in Exhibit 1 shall not be deemed an acknowledgement that such a party is a utility within the purview of § 366 of the Bankruptcy Code.  The Debtor reserves the right to subsequently argue whether any given entity is properly deemed a utility provider for purposes of this Motion and § 366.

[2] Berman Declaration, ¶49.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

### III.

### ADEQUATE ASSURANCE PROPOSAL

The Debtor fully intends to pay all postpetition obligations owed to the Utility Providers in a timely manner.  Further, the Debtor expects that anticipated authorized postpetition use of cash collateral will be more than sufficient to pay all postpetition utility obligations.  See Berman Declaration, ¶19.  While the Debtor is current on its pre-petition obligations to the Utility Providers, the Utility Providers bill in arrears, and as such a portion of the utility service provided to the Debtor was performed prior to the Petition Date and has not yet been paid.  The Debtor proposes that as further adequate assurance, the Debtor will pay each of the Utility Providers amount sufficient to make the Debtor current with each of the Utility Providers, i.e., none of the Utility Providers will have a claim against the estate for any unpaid pre-petition services provided to the Debtor.  The Debtor submits that the fact that all of the Debtor's prepetition obligations to the Utility Providers have been paid, combined with the Debtor's ability to pay for future utility services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Providers.  If any Utility Provider believes additional assurance is required, it may request such assurance pursuant to the procedures described below.

### IV.

### PROPOSED ADEQUATE ASSURANCE PROCEDURES

Section 366(a) of the Bankruptcy Code recognizes the necessity of continuous utility services and prohibits utility providers from altering, refusing or discontinuing utility services to, or discriminating against, a debtor due to either its bankruptcy filing or any outstanding prepetition obligations for a period of 30 days after the filing.[3]  At the conclusion of the 30-day period, however,

---

[3]  There is an apparent discrepancy between subsections (b) and (c) of section 366 of the Bankruptcy Code because these two subsections set forth different time periods during which a utility is prohibited from altering, refusing or discontinuing utility service.  Specifically, section 366(b) of the Bankruptcy Code allows a utility to alter, refuse or discontinue service "if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment," while section 366(c)(2) of the Bankruptcy Code allows a utility in a case filed under chapter 11 "to alter, refuse or discontinue service to a chapter 11 debtor" if during the 30-day period beginning on the date of the (footnote continued)

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    a utility company may discontinue services if a debtor has not furnished adequate assurance of

2    payment. 11 U.S.C. § 366(c)(2). In this case, and absent the procedures proposed in this Motion,

3    Utility Providers may discontinue service, without warning, on the date that is 30 days following the

4    Petition Date, if they claim they have not yet received a "satisfactory" adequate assurance of payment

5    (at least from their subjective point of view). Although the Debtor could contest this action – or pay a

6    Utility Provider's late demand – by the time that they did so, irreparable damage will have already

7    been done to the Debtor's operations and customer relations.

8    In light of the severe consequences to the Debtor of any interruption in utility services, but

9    recognizing the right of Utility Providers to evaluate the Proposed Adequate Assurance on a case-by-

10   case basis, the Debtor is proposing procedures that will enable it to cooperatively work with the Utility

11   Providers in a coordinated manner to consensually resolve any adequate assurance issues. If the

12   Debtor and the Utility Provider cannot consensually resolve such issues, the Court should determine

13   first whether an additional adequate assurance of payment is necessary (in view of the Bankruptcy

14   Abuse Prevention and Consumer Protection Act of 2005) and, if so, how much it should be before the

15   Utility Provider may cease performance for failure of adequate assurance. The procedures the Debtor

16   proposes to effectuate this result are as follows (the "Adequate Assurance Procedures"):

17           1.      The Debtor will fax, email, serve by overnight mail or

18                   otherwise expeditiously send a copy of this Motion, together with the

19                   proposed utility order, which Motion includes the proposed procedures,

20                   to each Utility Provider at the time the Motion is filed.

21   _____

22   filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of
23   payment for utility service…." (emphasis added).

24   Under the statutory construction cannon *lex specialis derogut legi generali* ("specific language
     controls over general"), the language of section 366(c)(2) controls here because the Debtor is a
25   chapter 11 debtor. See 3 Collier on Bankruptcy ¶ 366.03121 (Alan N. Resnick & Henry J. Sommer
     eds., 15th ed. rev. 2006) ("It is unclear how the 30-day period [in section 366(c)(2) of the Bankruptcy
26   Code] meshes with the normal 20-day period in section 366(b). The better view is that, because
27   section 366(c) is more specifically applicable to chapter 11 cases, the 30-day period, rather than the
     20-day period in section 366(b), should apply.").

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

2.      A Utility Provider desiring additional assurances of payment in the form of deposits, security or otherwise must serve a request (an "Additional Assurance Request") upon the Debtor (through the Debtor's bankruptcy counsel)   at the following address: SulmeyerKupetz, a professional corporation, 333 South Hope Street, 35th Floor, Los Angeles, California 90071, attn:  Steven Frederick Werth, (fax) 213/629-4520, (email) swerth@sulmeyerlaw.com (the "Service Party").  The Additional Assurance Request must be sent to the Service Party to be deemed valid.

3.      The Additional Assurance Request must be made and actually received by all the Service Party listed above by no later than thirty (30) days after entry of the Order by this Court.  If a Utility Company fails to timely file and serve its request, it shall be:  (i) forbidden to discontinue, alter or refuse service to, or discriminate against, the Debtor on account of any unpaid prepetition charges or the commencement of this chapter 11 case, or require additional adequate assurance of payment; and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

4.      Any Additional Assurance Request must:   (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) identify the Utility Provider; (iv) briefly describe the type of utility service provided; (v) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; and (vi) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

5.      Upon the Debtor's receipt of any Additional Assurance Request at the address set forth above, the Debtor shall have the greater of (a) fourteen (14) days from the receipt of any such Additional Assurance Request, or (b) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with the Utility Provider to endeavor to resolve that Utility Provider's request for additional assurance of payment. During this period, Utility Providers may not discontinue, alter or refuse service to, or discriminate against, the Debtor on account of any unpaid prepetition charges or the commencement of this chapter 11 case.

6.      The Debtor may, in its discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, prepayment and/or other forms of security, without further order of this Court, if the Debtor believes such additional assurance is reasonable.

7.      If the Debtor determines that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

8.      Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    account of unpaid charges for prepetition services or the Debtor's

2    bankruptcy filing.

3    The Debtor does not anticipate any problems in honoring its utility obligations.  The Debtor

4    expects that its anticipated authorized postpetition financing and/or use of cash collateral will be more

5    than sufficient to pay all postpetition utility obligations.  Accordingly, the Debtor believes that

6    additional adequate assurance payments will ultimately prove unnecessary and, if forced to bring this

7    matter before the Court, would argue the same.

8    **V.**

9    **PROCESS FOR OPTING OUT OF ADEQUATE ASSURANCE PROCEDURES**

10    Historically, chapter 11 debtors were able to put the onus on utility providers, under section

11    366 of the Bankruptcy Code, to argue that whatever form of adequate assurance proposed by the

12    debtor was insufficient.  The 2005 modifications to section 366 of the Bankruptcy Code arguably shift

13    the burden onto debtors to provide adequate assurance the utility provider finds satisfactory, and to

14    seek court review if the utility provider does not accept the proposed adequate assurance.  Under this

15    reading of revised section 366, a Utility Provider could, on the 30th day following the Petition Date,

16    announce that the proposed adequate assurance is not acceptable, demand an unprecedented deposit or

17    prepayment in any amount it deems fit and threaten to terminate utility service the next day unless the

18    Debtor complied with the demand.  While the Debtor does not concede that the foregoing scenario

19    reflects a correct interpretation of revised section 366, the Debtor nonetheless believes it is prudent to

20    require Utility Providers to raise any objections to the Adequate Assurance Procedures so that such

21    objections may be heard by the Court before the running of the 30-day period following the Petition

22    Date.

23    To avoid this type of situation, the Debtor proposes the following procedures:

24    1.    Any Utility Provider who objects to the Adequate Assurance Procedures

25    outlined above must file an objection to such procedures (a "Procedure Objection") so

26    that it is actually received no later than twenty (20) days after entry of the Order by

27    this Court by the Debtor (through is bankruptcy counsel) at the following address:

28    SulmeyerKupetz, a professional corporation, 333 South Hope Street, 35th Floor, Los

Angeles, California 90071, attn: Steven Frederick Werth, (fax) 213/629-4520, (email) swerth@sulmeyerlaw.com.

2.      Any Procedure Objection must:  (i) be made in writing; (ii) set forth the location for which utility services are provided, (iii) identify the Utility Provider; (iv) briefly describe the type of utility service provided; (v) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; (vi) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (vii) set forth why the Utility Provider believes it should be exempted from the Adequate Assurance Procedures.

3.      The Debtor may, in its discretion, resolve any Procedure Objection by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

4.      If the Debtor determines that the Procedure Objection is not reasonable and is not able to reach a prompt alternative resolution with the Utility Provider, the Procedure Objection will be heard on an expedited basis, if possible, based on the Court's calendar.  During this period, Utility Providers may not discontinue, alter or refuse service to, or discriminate against, the Debtor on account of any unpaid prepetition charges or the commencement of this chapter 11 case.

5.      All Utility Providers that do not timely file a Procedure Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures.  The sole recourse of all Utility Providers that do not timely file a Procedure Objection shall be to submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures, and such Utility Providers shall be enjoined from altering, refusing, or discontinuing service to, or discriminating against, the Debtor

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    pending any Determination Hearing, that may be conducted pursuant to the Adequate

2    Assurance Procedures.

3                                          **VI.**

4                **SUBSEQUENT MODIFICATIONS OF UTILITY SERVICE LIST**

5         The Debtor has made an extensive and good faith effort to identify its Utility Providers and

6    include them on the Utility Service List.  Nonetheless, it is possible that the Debtor has not yet

7    identified or included certain Utility Providers on the Utility Service List.  To the extent that the

8    Debtor identifies additional Utility Providers (the "Additional Utility Providers"), the Debtor will file

9    amendments to the Utility Service List and shall serve a copy of the Order on such Additional Utility

10   Providers.  The Debtor requests that the Order be binding on all Utility Providers, including the

11   Additional Utility Providers, regardless of when such Utility Provider was added to the Utility Service

12   List; provided that, with respect to any Additional Utility Provider, the thirty (30) day and twenty (20)

13   day periods of the above described procedures shall commence at of the date that the Debtor serves

14   the Order on such Additional Utility Provider as opposed to entry of the Order.  Any request for

15   adequate assurance, or any opt-out request, by such Additional Utility Provider must otherwise

16   comply with the requirements set forth in this Motion and the Order or shall be deemed an invalid

17   adequate assurance and opt-out request.

18                                          **VII.**

19                              **BASIS FOR RELIEF**

20        Congress enacted section 366 of the Bankruptcy Code to protect debtors from utility service

21   cutoffs upon a bankruptcy filing while, at the same time, providing utility companies with adequate

22   assurance that the debtors will pay for post-petition services.  *See* H.R. Rep. No. 95-595, at 350

23   (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306.  Accordingly, section 366 protects debtors by

24   enjoining utilities from altering, refusing or discontinuing services solely on account of unpaid

25   prepetition amounts or commencement of a bankruptcy case for a period of 30 days after the

26   bankruptcy filing.  At the same time, section 366 protects utilities by permitting them to alter, refuse

27   or discontinue service after 30 days if the debtor has not furnished "adequate assurance" of payment in

28   a form "satisfactory" to the utility.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    Section 366(c) of the Bankruptcy Code, which was enacted as part of the Bankruptcy Abuse

2  Prevention and Consumer Protection Act of 2005 ("BAPCPA"), significantly modified the existing

3  statutory framework.  It has two primary purposes: first, it permits a utility to alter, refuse or

4  discontinue utility service if a debtor has not provided "satisfactory" adequate assurance within 30

5  days of its bankruptcy filing, subject to the court's ability to modify the amount of adequate assurance.

6  It also restricts the factors that a court can consider when determining whether an adequate assurance

7  payment is, in fact, adequate.  Specifically, courts may no longer consider (i) the absence of a security

8  deposit before the debtor's  petition date, (ii) the debtor's history of timely payment, or (iii) the

9  availability of an administrative expense priority, when determining the amount of a deposit.

10  Notwithstanding these noteworthy changes, it does not appear that Congress intended to – or did –

11  abrogate the bankruptcy court's right to determine the amount of adequate assurance necessary or

12  change the fundamental requirement that assurance of payment must simply be "adequate."

13    First, while section 366(c) of the Bankruptcy Code does limit the factors a court can consider

14  when determining whether a debtor has provided adequate assurance of payment, it does not limit the

15  court's ability to determine the amount of payment necessary, if any, to provide such adequate

16  assurance.  Instead, section 366(c) of the Bankruptcy Code gives courts the same discretion in

17  determining the amount of payment necessary for adequate assurance as they previously had under

18  section 366(b) of the Bankruptcy Code.  *Compare* 11 U.S.C. § 366(b) ("On request of a party in

19  interest and after notice and a hearing, the court may order reasonable modification of the amount of

20  the deposit or other security necessary to provide adequate assurance") with 11 U.S.C. § 366(c)(3)(A)

21  ("On request of a party-in-interest and after notice and a hearing, the court may order modification of

22  the amount of an assurance payment under paragraph (2)"); *see also* Richard Levin 7 Alesia Ramley-

23  Marinelli, The Creeping Repeal of Chapter 11: The Significant Business Provisions of the Bankruptcy

24  Abuse Protection and Consumer Protection Act of 2005, 79 Am. Bankr. L.J. 603, 608-09 (2005)

25  (stating that Courts would likely continue to determine the amount and form of adequate protection

26  after the implementation of the BAPCPA).  It is well established that section 366(b) of the Bankruptcy

27  Code permits a court to find that no adequate assurance payment at all is necessary to provide a utility

28  with adequate assurance of payment.  *See* Virginia Elec. & Power Co. v. Caldor, Inc., 117 F.3d 646,

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    650 (2d Cir. 1997) ("Even assuming that 'other security" should be interpreted narrowly, we agree

2    with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other

3    security' where none is necessary to provide a utility supplier with 'adequate assurance of

4    payment.'"); In re Penn Jersey Corp., 72 B.R. 981, 986 (Bankr. E.D. Pa. 1987) (utility company's

5    request for additional security denied because debtor had never been delinquent prior to bankruptcy).

6    This may be particularly true in cases where the debtor has made prepetition deposits or prepayments

7    for services that utilities will ultimately render post-petition.    11 U.S.C. § 366(c)(1)(A)(v)

8    (recognizing a prepayment for post-petition services as adequate assurance).    Accordingly, courts

9    continue to have discretion to determine the amount of adequate assurance payment and, where

10    appropriate, to determine that no such payment is necessary. *See* In re Astle, 338 B.R. 855, 861 n. 14

11    (Bankr. D. Idaho 2006) (As BAPCPA did not amend § 366(b), prior case law interpreting that

12    subsection is still applicable).

13        Additionally, section 366(c) of the Bankruptcy Code, like section 366(b), simply requires a

14    utility's assurance of payment be "adequate."  Courts have long recognized that adequate assurance of

15    performance does not require an absolute guarantee of a debtor's ability to pay. *See* In re Adelphia

16    Bus. Solutions, Inc., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); In re Caldor, 199 B.R. 1, 3 (S.D.N.Y.

17    1996) (Section 366(b) of the Bankruptcy Code "does not require an 'absolute guarantee of payment'")

18    aff'd by Virginia Elec. & Power Co. v. Caldor, Inc., 117 F.3d 646 (2nd Cir. 1997).  *See also* In re

19    Steinebach, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not,

20    however, absolute assurance … all § 366(b) requires is that a utility receive only such assurance of

21    payment as is necessary to protect its interest given the facts of the debtor's financial circumstances");

22    In re Santa Clara Circuits W., Inc., 27 B.R. 680, 685 (Bankr. D. Utah 1982); In re George C. Frye Co.,

23    7 B.R. 856, 858 (Bankr. D. Me. 1980).  Courts have also recognized that in determining the amount of

24    adequate assurance, bankruptcy courts should focus "on the need of the utility for assurance, and to

25    require that the debtor supply no more than that, since the debtor almost perforce has a conflicting

26    need to conserve scarce financial resources."  In re Caldor, 117 F.2d at 665; *see also* In re Penn. Cent.

27    Transp. Co., 467 F.2d 100, 103-04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility

28    deposits were necessary where such deposits would likely "jeopardize the continuing operating of the

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311  •  FAX 213.629.4520

1   [debtor] merely to give further security to suppliers who are already reasonably protected").

2   Accordingly, demands by a utility for a guarantee of payment when they already have adequate

3   assurance of payment in light of the Debtor's specific circumstances should be refused.

4        Based upon the foregoing, the Debtor believes that all of its Utility Providers have adequate

5   assurance of payment <u>without</u> any additional adequate assurance provisions.  As previously discussed

6   and as set forth in the concurrently-filed Declaration of Brad Berman in support of "First Day"

7   motions, the Debtor is current in its payments to its Utility Providers, and the Debtor is seeking

8   permission to use cash collateral to enable the Debtor to pay its operating costs, including utility costs,

9   as they come due, as well as pay all pre-petition amounts owing to the Utility Providers.  Moreover,

10  the Debtor has a powerful incentive to stay current on its utility obligations because of its reliance on

11  utility services for the operation of its business.  Without utility services the Debtor will be unable to

12  operate.  These factors – which the Court may (and should) consider when considering the amount of

13  any adequate assurance payments – justify a finding that no adequate assurance payment is required at

14  all.  In light of the foregoing, the Debtor submits that the Proposed Adequate Assurance is more than

15  sufficient to assure the Utility Providers of future payment.

16       If the Utility Providers disagree with the Debtor's analysis, however, the procedures proposed

17  in this Motion will enable the parties to negotiate and, if necessary, seek Court intervention without

18  jeopardizing the Debtor's continuing operations. The Court has authority to approve the proposed

19  procedures under section 105(a) of the Bankruptcy Code, which section provides that the Court "may

20  issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this

21  title."  The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy courts [sic]

22  power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."

23  2 <u>Collier on Bankruptcy</u> ¶ 105.01, at 105-5 to 105-6 (15th ed. rev. 2003).

24       The proposed procedures are necessary for the Debtor to carry out its reorganization efforts.  If

25  the Court does not approve the proposed procedures, the Debtor could be forced to address multiple

26  requests by its Utility Providers in a disorganized manner at a critical point in its reorganization.

27  Moreover, the Debtor could be blindsided by a Utility Provider unilaterally deciding – on the thirty-

28  first day – that it is not adequately protected and discontinuing service or making an exorbitant

1  demand for payment to continue service.  As set forth above, discontinuation of utility service,

2  particularly electricity, would essentially halt the Debtor's distribution business, putting the Debtor's

3  reorganization effort in extreme jeopardy.  The proposed procedures set forth a fair process that will

4  enable all parties to negotiate their respective positions and, where necessary, seek Court intervention

5  without jeopardizing the Debtor's reorganization efforts.[4]

6                                          **VIII.**

7                                        **<u>NOTICE</u>**

8          No trustee, examiner or creditors' committee has been appointed in this chapter 11 case.  The

9  Debtor has provided notice of this Motion to:  (a) the United States Trustee; (b) the Debtor's secured

10  creditors (through their designated agents); (c) the creditors listed on the Debtor's list of 20 largest

11  unsecured creditors, as filed with the chapter 11 petition; (d) the Utility Providers; and (e) any parties

12  who have requested special notice in the case as of the time of the filing.  In light of the nature of the

13  relief requested, the Debtor submits that no further notice is required or needed under the

14  circumstances.

15                                          **IX.**

16                                  **<u>NO PRIOR REQUEST</u>**

17          No prior motion for relief requested herein has been made to this Court or any other court.

18          **WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in

19  the form as the proposed order attached hereto as Exhibit 2, (i) determining that Utility Providers have

20  been provided with adequate assurance of payment within the meaning of  section 366 of the

21  _____

22  [4] The proposed procedures allow the Debtor to negotiate or seek a hearing after the 30-day deadline
23  set forth in section 366(c) of the Bankruptcy Code where a Utility Provider does not submit its
    demand within 16 days of the filing.  For example, where a Utility Provider files its request on the
24  twentieth day, the Debtor will have 14 days – or until the thirty-fourth day after the filing – to
    negotiate with that Utility Provider or to seek a court determination.  The Debtor believes that this
25  process is fair and necessary to avoid the situation where all of the Debtor's Utility Providers make last
    minute demands, leaving the Debtor without the ability to address those demands before services may
26  be cut off.  If Utility Providers wish to have their matter determined within 30 days of the bankruptcy
    filing, they need only file their request within 16 days thereof – something they are undoubtedly
27  prepared to do in light of the amendments to section 366 of the Bankruptcy Code.

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Bankruptcy Code, (ii) approving the Debtor's Proposed Adequate Assurance and the Adequate

2  Assurance Procedures, (iii) prohibiting Utility Providers from discontinuing, altering, or refusing

3  service to, or discriminating against, the Debtor, (iv) establishing procedures to Utility Providers to

4  opt-out of the proposed Adequate Assurance Procedures, (v) determining that the Debtor is not

5  required to provide any additional assurance, beyond what is proposed by this Motion, and (vi)

6  granting such other and further relief as the Court deems appropriate.

7

8  DATED: October 9, 2015                          Respectfully submitted,

9                                                  **Sulmeyer**Kupetz

10                                                 A Professional Corporation

11

12                                                 By:    *s/Steven F. Werth*
                                                          Steven F. Werth

13                                                        Bankruptcy Counsel for Sabor Hispano LLC

EXHIBIT 1

**EXHIBIT 1**

The Debtor's business address is 4755 East 49th Street, Vernon, California 90058-2703.

Utility Companies:

1.     Electricity

City of Vernon                              Phone:  (323) 583-8811
Light & Power Department                    Fax:  (323) 826-1435
4305 Santa Fe Avenue                        E-Mail:  cfandino@ci.vernon.ca.us
Los Angeles CA 90058

Two-week average cost for utility in 10-month period prior to the Petition Date: $2,700.  One-month average cost for utility in 10-month period prior to Petition Date:  $5,400.

2.     Water

City of Vernon                              Phone:  (323) 583-8811
4305 Santa Fe Avenue                        Fax:  (323) 826-1435
Los Angeles CA 90058                        E-Mail:  kwilson@ci.vernon.ca.us

Two-week average cost for utility in 10-month period prior to the Petition Date:  $465.00.  One-month average cost for utility in 10-month period prior to Petition Date:  $930.00.

3.     Gas

City of Vernon                              Phone:  (323) 583-8811
4305 Santa Fe Avenue                        Fax:  (323) 826-1435
Los Angeles CA 90058                        E-Mail:  cfandino@ci.vernon.ca.us

Two-week average cost for utility in 10-month period prior to the Petition Date: $1,050.  One-month average cost for utility in 10-month period prior to Petition Date:  $2,100.

4.     Sewer

City of Vernon                              Phone:  (323) 583-8811
4305 Santa Fe Avenue                        Fax:  (323) 826-1435
Los Angeles CA 90058                        E-Mail:  matrujillo@ci.vernon.ca.us

Two-week average cost for utility in 10-month period prior to the Petition Date: $1,50.  One-month average cost for utility in 10-month period prior to Petition Date:  $3.00.

5.     Telephone:

Verizon
Post Office Box 660108
Dallas TX 75266

| | | |
|---|---|---|
| Verizon Wireless Bankruptcy Administration | Phone: (888) 483-2600 | Fax: (325) 949-6916 |
| 500 Technology Drive, Suite 550 | | |
| Weldon Spring, MO 63304 | | |

Two-week average cost for utility in 10-month period prior to the Petition Date: $425. One-month average cost for utility in 10-month period prior to Petition Date: $850.

6.    <u>Internet</u>:

| | |
|---|---|
| Megapath | Phone: (925) 201-2500 |
| 6800 Koll Center Parkway | |
| Suite 200 | |
| Pleasanton CA 94566 | |

Two-week average cost for utility in 10-month period prior to the Petition Date: $550. One-month average cost for utility in 10-month period prior to Petition Date: $1,100.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

EXHIBIT 2

1  Victor A. Sahn (CA Bar No. 97299)
      vsahn@sulmeyerlaw.com
2  Steven F. Werth (CA Bar No. 205434)
      swerth@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
   Bankruptcy Counsel for Sabor Hispano LLC
7

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11  In re                                Case No.  2:15-bk-25600-TD

12  SABOR HISPANO LLC,                   Chapter 11
    a California limited liability company,
13                                       **ORDER ON "DEBTOR'S EMERGENCY**
                     Debtor.             **MOTION FOR ORDER:  (1) DEEMING**
14                                       **UTILITY COMPANIES ADEQUATELY**
                                         **ASSURED OF FUTURE**
15                                       **PERFORMANCE, (2) ESTABLISHING**
    Tax ID # 45-4994098                  **PROCEDURES FOR REQUESTS FOR**
16                                       **ADDITIONAL ASSURANCE, AND**
                                         **(3) RESTRAINING UTILITY**
17                                       **COMPANIES FROM DISCONTINUING,**
                                         **ALTERING, OR REFUSING SERVICE"**
18
                                         Date:     October 13, 2015
19                                       Time:     11:00 a.m.
                                         Place:    U.S. Bankruptcy Court
20                                                  Courtroom 1368
                                                   255 East Temple Street
21                                                  Los Angeles, CA 90012

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    Upon consideration of the "Debtor's Emergency Motion For Order: (1) Deeming Utility

2  Companies Adequately Assured Of Future Performance, (2) Establishing Procedures For Requests For

3  Additional Assurance, And (3) Restraining Utility Companies From Discontinuing, Altering, Or

4  Refusing Service" filed by debtor-in-possession Sabor Hispano, LLC (the "<u>Debtor</u>") on October 9,

5  2015 (the "<u>Motion</u>"), which Motion requests entry of an order (1) prohibiting utilities from altering,

6  refusing, or discontinuing service to, or discriminating against, the Debtor, (2) establishing procedures

7  for determining adequate assurance of payment, and (3) establishing procedures for utilities to opt out

8  of the Debtor's proposed procedures for adequate assurance, and it appearing that the relief requested

9  is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and upon the

10  Omnibus Declaration of Bradley Berman in support of the Debtor's "First-Day" Motions, filed on

11  October 9, 2015 and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C.

12  §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157;

13  and that adequate notice of the Motion and opportunity to objection having been given; and it

14  appearing that no other notice need be given; and after due deliberation and sufficient cause therefor,

15    **IT IS HEREBY ORDERED THAT**:

16    1.    The Motion is granted;

17    2.    Absent compliance with the procedures set forth in the Motion and this Order, the

18  Utility Providers, as that term is defined in the Motion, are (a) forbidden and prohibited from

19  discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of

20  unpaid charges for prepetition services or the Debtor's bankruptcy filing, and (b) deemed to have

21  received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

22    3.    Any Utility Provider who has accepted an Adequate Assurance Deposit and did not

23  make an Additional Assurance Request prior to thirty (30) days after entry of this Order is hereby

24  deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of

25  future performance provided to such Utility Provider, and such Utility Provider is further deemed to

26  have waived any right to seek additional adequate assurance during the course of this chapter 11 case.

27

28

1    4.    Any Utility Provider who provided an Adequate Assurance Deposit shall be required to

2  return the Adequate Assurance Deposit to the Debtor within 15 days of the effective date of any

3  confirmed plan of reorganization in this case, if not returned or applied sooner.

4    5.    The following Adequate Assurance Procedures are approved in full and in all respects:

5    a.    The Debtor will send a copy of this Order to each Utility Provider within three

6  (3) business days after entry of this Order by the Court.

7    b.    The Debtor will pay each Utility Provider an amount equal to pay each Utility

8  Provider for the pre-petition services performed for the Debtor but unpaid as of the Petition Date.

9    c.    A Utility Provider desiring additional assurances of payment in the form of

10  deposits, security or otherwise must serve a request (an "Additional Assurance Request") upon the

11  Debtor (through the Debtor's bankruptcy counsel) at the following address: SulmeyerKupetz, a

12  Professional Corporation, 333 South Hope Street, 35th Floor, Los Angeles, California 90071; attn:

13  Steven Frederick Werth (fax) 213.629.4520; (email) swerth@sulmeyerlaw.com (the "Service Party").

14  The Additional Assurance Request must be sent to the above-noticed party to be deemed valid.

15    d.    The Additional Assurance Request must be made and actually received by the

16  Service Party listed above by no later than thirty (30) days after entry of this Order.  If a Utility

17  Provider fails to timely file and serve its request, it shall be: (i) forbidden to discontinue, alter or

18  refuse service to, or discriminate against, the Debtor on account of any unpaid prepetition charges or

19  the commencement of the Debtor's chapter 11 case, or require additional adequate assurance of

20  payment other than the two-week Proposed Adequate Assurance described in the Motion; and (ii)

21  deemed to have received adequate assurance of payment in compliance with section 366 of the

22  Bankruptcy Code.

23    e.    Any Additional Assurance Request must:  (i) be made in writing; (ii) set forth

24  the location for which utility services are provided; (iii) identify the Utility Provider; (iv) briefly

25  describe the type of utility service provided; (v) include a summary of the Debtor's payment history

26  relevant to the affected account(s), including any security deposits; and (vi) set forth why the Utility

27  Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future

28  payment.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

f.        Upon the Debtor's receipt of any Additional Assurance Request at the address set forth above, the Debtor shall have the greater of (i) fourteen (14) days from the receipt of any such Additional Assurance Request, or (ii) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with the Utility Provider to endeavor to resolve that Utility Provider's request for additional assurance of payment.  During this period, Utility Providers may not discontinue, alter or refuse service to, or discriminate against, the Debtor on account of any unpaid prepetition charges or the commencement of this chapter 11 case.

g.        The Debtor may, in its discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, prepayment and/or other forms of security, without further order of this Court, if the Debtor believes such additional assurance is reasonable.

h.        If the Debtor determines that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

i.        Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or the Debtor's bankruptcy filing.

6.        The following opt-out procedures are approved in full and in all respects:

a.        Any Utility Provider who objects to the Adequate Assurance Procedures outlined above must file an objection to such procedures (a "Procedure Objection") so that it is actually received no later than twenty (20) days after entry of the Order by this Court by the Debtor (through its bankruptcy counsel) at the following address:  SulmeyerKupetz, a Professional

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Corporation, 333 South Hope Street, 35th Floor, Los Angeles, California  90071; attn:  Steven

2  Frederick Werth, (fax ) 213.629.4520; (email) swerth@sulmeyerlaw.com.

3          b.        Any Procedure Objection must:  (i) be made in writing; (ii) set forth the

4  location for which utility services are provided, (iii) identify the Utility Provider; (iv) briefly describe

5  the type of utility service provided; (v) include a summary of the Debtor's payment history relevant to

6  the affected account(s), including any security deposits; (vi) set forth why the Utility Provider believes

7  the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (vii) set

8  forth why the Utility Provider believes it should be exempted from the Adequate Assurance

9  Procedures.

10          c.        The Debtor may, in its discretion, resolve any Procedure Objection by mutual

11  agreement with the Utility Provider and without further order of the Court, and may, in connection

12  with any such agreement, in their discretion, provide a Utility Provider with additional adequate

13  assurance of future payment including, but not limited to, cash deposits, prepayments and/or other

14  forms of security, without further order of this Court if the Debtor believes such additional assurance

15  is reasonable.

16          d.        If the Debtor determines that the Procedure Objection is not reasonable and are

17  not able to reach a prompt alternative resolution with the Utility Provider, the Procedure Objection

18  will be heard on an expedited basis, if possible, based on the Court's calendar.  During this period,

19  Utility Providers may not discontinue, alter or refuse service to, or discriminate against, the Debtor on

20  account of any unpaid prepetition charges or the commencement of this chapter 11 case.

21          e.        All Utility Providers that do not timely file a Procedure Objection are deemed

22  to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance

23  Procedures.  The sole recourse of all Utility Providers that do not timely file a Procedure Objection

24  shall be to submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures,

25  and such Utility Providers shall be enjoined from altering, refusing, or discontinuing service to, or

26  discriminating against, the Debtor pending any Determination Hearing, that may be conducted

27  pursuant to the Adequate Assurance Procedures.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

f.	That the Debtor is authorized in its discretion, to amend the Utility Service List attached to the Motion as Exhibit 1 in order to add or delete any Utility Provider, and this Order shall apply as of the Petition Date to any such Utility Provider that is subsequently added to the Utility Service List; provided that, with respect to any additional Utility Provider, the thirty (30) day and twenty (20) day periods described in paragraphs 3, 5 and 6 above, respectively, of the procedures shall commence as of the Debtor's service of this Order on such additional Utility Provider as opposed to the entry of the Order.  Any request for adequate assurance, or opt-out requests, by such Additional Utility Provider must otherwise comply with the requirements set forth in the Motion and this Order or shall be deemed an invalid adequate assurance and opt-out request.

7.	Nothing herein or in the Utility Service List constitutes a findings that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

8.	This Order shall be deemed a final Order with respect to any Utility Provider that does not file a timely Procedures Objection as described herein.

9.	Any payment or transfer made or service rendered by the Debtor pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights that the Debtor may have to dispute such obligation or waiver of any other rights or remedies of the Debtor, or an approval of assumption of any agreement, contract, or lease under section 365 of the Bankruptcy code.

10.	The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.	The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.	That the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520